# CIRCUIT COURT OF BALTIMORE CITY.

Filed December 12, 1894.

THOMAS A. SWANN

VS.

J. KEMP BARTLETT, ET. AL.

*Frank Gosnell* for plaintiff.

*J. C. France, George R. Willis, David Stewart, Brown & Brune* and *Harry E. Mann* for defendants.

DOBLER, J.—

The plaintiff in this case contracted to furnish work and materials used in the erection and construction of the buildings mentioned in these proceedings, with Messrs. Armiger and Flaggs,

who had an equitable interest in the lots under a written contract between themselves and the defendant Bartlett. This equitable interest became a legal leasehold estate in the lot now owned by the defendant Wilson. Not having been paid in full for the work done and materials furnished under his contracts, the plaintiff duly filed his mechanics' lien claims against the property, naming in said claims the said Armiger and Flaggs, and the defendants, Bartlett and Wilson, the owners or reputed owners thereof. The contract in evidence between Messrs. Armiger and Flaggs and the defendant Bartlett did not provide for a forfeiture of their interest in the property upon failure to complete the ten houses within the time specified. Armiger and Flaggs did not intend by the release exhibit J. K. B. No. 1, nor could such release have been effectual, to defeat the plaintiff's right of lien against their interest in the property. The defendant Bartlett by his contract of February 17th, 1892, gave the builders an interest in those lots and put them in a position to contract for materials and labor to be used and expended in the erection of the houses and to incur lien claims against such interest. His contracts with his lessors gave them no right to any forfeiture of his estate in these lots. Whatever may have been his opinion on the subject his representations to Messrs. Armiger and Flaggs as to his danger of losing the property were incorrect. It would be inequitable to permit the defendant Bartlett to defeat the plaintiff's claim to a lien against Messrs. Armiger and Flagg's interest in these houses and lots, by his causing or procuring them to abandon the work within fifteen days after the time originally named for the completion of the houses, without any notice to the plaintiff of any purpose or proceeding to claim a forfeiture of their said interest. I am satisfied that the prices named by the plaintiff were agreed to by the builders, and that the finials and ridge roll were ordered, and that the work done by the plaintiff, although unsatisfactory to the defendant Bartlett, was not materially different from other work done by the plaintiff for the builders under former contracts and was of the character they had reason to expect. Those prices must stand in this case for the amounts actually furnished. The amounts, according to measurements made in the presence of the plaintiff's foreman, are somewhat less than those charged in the. lien.

In the absence of express contracts for extra work $45 will be allowed for the trap door and the work around the chimneys, this amount appearing from the evidence to be a fair compensation therefor. Making allowances as above indicated, $95.37 is found to be due as against the house and lot belonging to defendant Wilson, and $546.27 as against the other nine houses and lots, apportioned as follows: $82.27 as against the house and lot first south of Lennox street and $58 as against each of the remaining eight houses and lots. As far as the nine lots owned by the defendant Bartlett are concerned, the lien cannot be allowed against his fee-simple estate therein, but must be limited to the interest acquired by Messrs. Armiger and Flaggs under their contract with him. If the defendants will pay into Court on or before the 1st day of January, 1895, for the use of the plaintiff, the sums above mentioned found due against the respective houses and lots, with the costs, to be taxed by the clerk in due proportion between the defendants, Bartlett & Wilson, the plaintiff will be required to enter the bill dismissed as to the house or houses and lots and on account of which such payment may be made; otherwise the necessary steps may be taken to ascertain or declare said interest to Messrs. Armiger and Flaggs and to subject it to the lien claim of the plaintiff and to subject the house now owned by the defendant Wilson to the claim against it as above set forth.